FREDERICK C. RANKINS AND CHARLES F. RANKINS, RESPONDENTS, *v.* HERMAN C. GRUPE, APPELLANT.

*Agreement to resell property received in payment of a debt — when void under the statute of frauds.*

April second the plaintiffs sold and delivered to one Ansicker two barrels of barbed wire worth sixty dollars. On April fifteenth Ansicker, not having paid for the wire, agreed to return the wire to the plaintiff in payment of the debt owing for it, the wire to be delivered the next day. Thereafter and on the same day Ansicker made a general assignment for the benefit of creditors.

*Held,* that the agreement between Ansicker and the plaintiff was in fact a sale and therefore void under the statute of frauds, and that the title to the wire passed to the assignee.

APPEAL from a judgment of the County Court of Schenectady county, affirming a judgment of a justice of the peace in favor of the plaintiffs.

The action was brought to recover the possession of two barrels of barbed wire worth sixty dollars, sold by the plaintiffs to one Ansicker, the defendant's assignor. The plaintiffs claimed that the property had been reconveyed to them on April fifteenth, prior to the making of the assignment.

*Yates & Cutler*, for the appellant.

*Jacob W. Clute*, for the respondents.

LEARNED, P. J.:

The plaintiffs had sold and delivered the wire to Ansicker on the second of April, and it thus had become his property. The plaintiffs had not even a right of stoppage *in transitu*. All they had was the debt which Ansicker owed them for the wire. When, therefore, they went to Ansicker on the fifteenth day of April and he agreed to return the wire in payment of the debt, the agreement was one of sale to them. It was not the annulling of an executory contract. The wire was not delivered, and was not to be delivered, till the next morning. It was not paid for by plaintiffs, for they did not release the debt owing to them. They only agreed to accept the wire in payment of the debt. This was merely a contract executory. Even without regard to the statute of frauds, it is quite doubtful whether by this arrangement any title to the wire passed to the plaintiff. Certainly under the statute (the wire being worth over sixty dollars) they acquired no title. Before the next morning Ansicker had made an assignment to the defendant and had delivered the wire, with other property, to him. The plaintiffs, therefore, have no right of recovery, even admitting that the assignment was not executed until after the agreement between them and Ansicker.

Judgment of County Court and of justice reversed, with costs.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment of County Court and of justice of the peace reversed, with costs.